AFL:earr

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NOVALUX MD 12, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. _____ |
| KENNETH B. MUMAW, SURVIVING DIRECTOR OF Kenneth B. Mumaw Plumbing & Heating Co. Inc., et al., | * | |
| Defendants. | * | |

******

MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS

The United States has moved to dismiss the petition. For the reasons that follow, the motion should be granted.

I. Facts

On May 20, 2013, the Finance Officer of Balitmore City, Collector of Taxes for the State of Maryland and Collector of Taxes for Baltimore City sold the property which is described in the petition and Certificate of Tax Sale as Account No.: 16-04-0084-009; Description Tax Roll of the Director of Finance: situate in the City of Baltimore, known as 816 N. Fulton Avenue and described as Lot Size 16x91, being known as Ward 16 Section 04 Block 0084 Lot 009; Redemption Money: $853.41. (Plaintiff's petition, paragraphs 1-2, and Exhibit A to Plaintiff's Petition.)

1

On or about December 13, 2013, the plaintiff, Novalux MD 12, LLC, filed an action in the Circuit Court for Baltimore City, Maryland, Case No. 24-C-13-008284, to foreclose the rights of redemption of the real property.

On or about June 18, 2014, the office of the United States Attorney for the District of Maryland received notice of the action. Upon review, the United States noted, also, that the action is against the named defendants "and any and all persons having or claiming to have any interest in the property…" In that plaintiff brings this action to foreclose rights of redemption following a tax sale and appears to assert in Exhibit B of the petition that there are possible judgments on the property. On July 14, 2014, a search of the Maryland Judgment and Liens database showed the existence of a judgment against Kenneth B. Mumaw in favor of the United States in the amount of $348,122.49. While the United States is not specifically named as a defendant in this action it appears to be one against the United States as having an interest or claim in the property. The United States, therefore, removed the action from the Circuit Court for Baltimore City, Maryland, to this Court. The United States now moves for dismissal of this action and leaving any lien it may have as undisturbed.

## II. Argument

The United States is immune from suit except as it consents to be sued. With regard to the federal government and its instrumentalities, sovereign immunity is presumed and cannot be overcome without an express and unequivocal statutory waiver. Lane v. Pena, 518 U.S. 187, 190 (1996). Further, any statutory waiver is strictly construed, with all ambiguities resolved in favor of the sovereign. Id.

The jealous protection of the sovereign from suit is deeply rooted in the common law, see

Chisholm v. Georgia, 2 U.S. (2 Dall.) 419, 437–47, 1 L.Ed. 440 (1793) (Iredell, J., tracing the doctrine of sovereign immunity forward from the time of Edward I), and has been considered a part of the plan of our Constitution since before its ratification. In arguing for the Constitution's organization of the judicial branch, Alexander Hamilton wrote that "[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent," Research Triangle Institute v. Board of Governors of the Federal Reserve System, 132 F.3d 985 (4th Cir. 1997), citing, The Federalist No. 81, at 511 (Alexander Hamilton) (Benjamin F. Wright ed., 1961) (emphasis original), and further inferred from this precept that "[t]he contracts between a nation and individuals are only binding on the conscience of the sovereign, and have no pretensions to a compulsive force." Id. Justice Holmes reaffirmed the doctrine of sovereign immunity "not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends." Kawananakoa v. Polyblank, 205 U.S. 349, 353 (1907).

More recently, the Supreme Court emphasized the strict requirements for a waiver of this immunity, stating that such a waiver "must be unequivocally expressed in [the] statutory text," Lane, 518 U.S. at 190, and that, as stated above, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Id. In addition, the Court has also interpreted this broad measure of protection as extending not only to more traditional governmental entities, but to all agencies of the federal government. See, e.g., FDIC v. Meyer, 510 U.S. 471, 475 (1994).

Congress waived sovereign immunity for quiet title actions in 28 U.S.C. § 2410. It provides:

>   (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
>   (1) to quiet title to,
>   (2) to foreclose a mortgage or other lien upon,
>   (3) to partition,
>   (4) to condemn, or
>   (5) of interpleader or in the nature of interpleader with respect to,
>   real or personal property on which the United States has or claims a mortgage or other lien.
>
>   (b) <u>The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed.</u> ... .

28 U.S.C. § 2410(a), (b)(emphasis added). By its terms, § 2410 requires that in all instances the complaint "***shall*** set forth with particularity the nature of the interest or lien of the United States." In tax cases, more is required. <u>Id</u>.

Courts have not hesitated to dismiss complaints that fail to identify the federal interest with specificity. <u>City Bank of Anchorage v. Eagleston</u>, 110 F. Supp. 429, 430 (D. Alaska 1953). <u>See also</u> <u>United States v Cabral</u>, 2008 WL 4911902, at *4 (E. D. Cal.)(original and amended complaints dismissed for failure to allege facts with specificity); <u>Davis v. United States</u>, 2000 WL 246277 (D.R.I.)(failure to allege a lien fatal to effort to vest jurisdiction under § 2410); <u>Clark v. United States</u>, 760 F. Supp. 664, 665 (W.D. Mich. 1991)(same). Indeed, in <u>Cabral</u>, the court rejected the argument that Mr. Cabral did not have the ability to access necessary records in order to plead with specificity. "The Quiet Title Act affords no exception for a pleading party's failure to procure the relevant liens, which are readily available public records." <u>Id</u>. at *5.

Here, the petition fails to allege the nature of the federal lien and certainly fails to allege

any of the further facts required, such as: "the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed." 28 U.S.C. § 2410.

Further, however, even had the petition alleged the nature of the federal interest, the Complaint to Foreclose a Right of Redemption under Maryland law is not an action as to which sovereign immunity is waived under § 2410. Kasdon v. United States, 707 F.2d 820, 822-823 (4th Cir. 1983), affirming, Kasdon v. G.W. Zierdon Landscaping, 541 F. Supp. 991 (D. Md. 1982)(Kaufman, J.). Judge Kaufman's opinion, which the Fourth Circuit adopted, comprehensively analyzed the interplay of complaints to foreclose rights of redemption under Maryland law and the waiver of sovereign immunity under § 2410. Judge Kaufman held that such suits were not suits to quiet title, and that therefore 28 U.S.C. § 2410(a)(1) did not apply. Judge Kaufman then held that in order for § 2410(a)(2) to apply – the waiver of sovereign immunity for foreclosure actions – the foreclosure action would have to be a "judicial sale." Citing 28 U.S.C. § 2410(c). Section 2410(c) modifies § 2410(a)(2): "However, an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale." Proceedings to foreclose a right of redemption after a tax sale, Judge Kaufman held and the Fourth Circuit affirmed, do not constitute a "judicial sale." 541 F. Supp. at 996-997.

In sum, the petition fails to plead facts necessary to invoke § 2410. Even if the petition did allege such facts, because it proceeds from proceedings to foreclose a right of redemption under a tax sale in Maryland, sovereign immunity has not been waived.

### III. Conclusion

The petition should be dismissed with prejudice.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

/s/

Allen F. Loucks
Assistant United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
410-209-4800
Allen.Loucks@usdoj.gov
